UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. CURTIS, | No. 2:21-cv-1601 AC P |
| Plaintiff, | |
| v. | ORDER |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.

The complaint names as defendants the California Correctional Peace Officers Association (CCPOA), the State of California, the California Department of Corrections and Rehabilitation (CDCR), the Medical and Mental Health Delivery System, Warden James Robertson, Medical Chief Deputy Warden Bell, Lt. Shaffner, Kimel Limon, and Chief Medical Executive Jacobson. ECF No. 1. Plaintiff alleges that Robertson, who is the warden of Pelican Bay State Prison, has is "allowing CCPOA/ISU I.G.I. SQUAD to combine with medical & Mental Health Delivery System to conduct cruel-n-unusual punishment . . . by means of psychotherapy using smart audio tech communications, surgical bracket along ear canal attached to lower cranial nerves." Id. at 3.

////

1

The federal venue statute provides that

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A district court may, on its own motion, "transfer a case sua sponte under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted). In this case, such a transfer appears proper.

The conduct alleged to have violated plaintiff's rights occurred at Pelican Bay State Prison, which is located in Del Norte County, which is in the Northern District of California. Furthermore, the CCPOA, State of California, and CDCR—which appear to be the only defendants located within the Eastern District of California—are not proper defendants. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."); Barth v. Beard, No. 16-cv-1469 DMG RAO, 2018 WL 6137629, at *3, 2018 U.S. Dist. LEXIS 221775, at *7 (C.D. Cal. June 25, 2018) ("Defendant CCPOA is not a 'person' for the sake of a section 1983 action." (citations omitted)), report and recommendation adopted, 2019 WL 935128, 2019 U.S. Dist. LEXIS 30524 (C.D. Cal. Feb. 26, 2019); Johnson v. Cal. Corr. Peace Officer Ass'n, No. 1:07-cv-0179 ALA, 2008 WL 152392, at *1, 2008 U.S. Dist. LEXIS 6139, at *3 (E.D. Cal. Jan. 16, 2008) (dismissing § 1983 complaint because plaintiff named only the CCPOA and had "not identified any person whose conduct is at issue"). When these improper defendants are disregarded, the remaining defendants are all located within the Northern District. It therefore appears that this action should proceed in the United States District Court for

the Northern District of California, and plaintiff must show cause in writing why this case should not be transferred to the Northern District Court.

      Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the service of this order, plaintiff must show cause in writing why this case should not be transferred to the United States District Court for the Northern District of California.  If plaintiff does not object to this case being transferred he may file a notice consenting to the transfer.

DATED: April 29, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE