UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. CURTIS, | No. 2:21-cv-1601 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

By order filed May 2, 2022, the court found that if the improper entity defendants were disregarded, only defendants located in the Northern District of California would remain. ECF No. 10. The Northern District of California is also where the conduct alleged to have violated plaintiff's rights occurred. Id. Plaintiff was therefore ordered to show cause why this case should not be transferred to the United States District Court for the Northern District of California. Id. Plaintiff has now responded. ECF No. 11.

In his response to the order to show cause, plaintiff asserts that this case should remain in this court because he is adding the California Health Care Facility (CHCF) in Stockton as a defendant, as well as several individuals who work at that facility and who are engaging in the same type of conduct as the originally named defendants. ECF No. 11. He requests that he be notified if he is required to file a separate lawsuit. Id. at 2-3.

////

1

     Plaintiff's statement that he is adding defendants to his complaint is construed as a motion to supplement the pleadings, since the conduct of the individuals he seeks to add appears to have occurred after the filing of the complaint.  See Fed. R. Civ. P. 15(d) (allowing "a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented").  However, as an arm of the State, CHCF is immune from suit. See Howlett v. Rose, 496 U.S. 356, 365 (1990) ("Will[ v. Mich. Dep't of State Police, 491 U.S. 58 (1989)] establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court.").  Furthermore, plaintiff fails to make any specific allegations against the newly identified individuals, and there are no facts to indicate that the individuals whom he seeks to add are properly joined to this action.

     The conduct by the newly proposed defendants is separated by time and location from that of the original defendants, and the fact that the conduct may be similar in nature does not mean that their conduct constitutes the "same transaction, occurrence, or series of transactions or occurrences" required for proper joinder.  See Fed. R. Civ. P. 20(a)(2) (outlining grounds for joinder of parties).  The motion to supplement should therefore be denied.  See Planned Parenthood of S. Ariz. V. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (supplemental pleading "cannot be used to introduce a separate, distinct and new cause of action" (citation and internal quotation marks omitted)); Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988) ("Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings").  If plaintiff would like to pursue claims against individuals at CHCF, he may do so in a separate action.

     Because it is being recommended that the motion to supplement the complaint be denied, plaintiff's showing fails to establish good cause why this case should not be transferred to the United States District Court for the Northern District of California.

     Accordingly, IT IS HEREBY ORDERED that:

     1.  Plaintiff's response to the order to show cause (ECF No. 11) is construed to include a motion to supplement the complaint.

////

      2. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

      1. Plaintiff's motion to supplement the complaint (ECF No. 11) be DENIED.

      2. This action be transferred to the United States District Court for the Northern District of California for the reasons set forth in order dated May 2, 2022 (ECF No. 10).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE